UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Roberto Lathan, et al., | ) | CASE NO. 1:12 CV 37 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Cleveland, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Dismiss First Amended Complaint (Doc. 14). This is a Section 1983 action and arises out of a one-car accident occurring in the City of Cleveland. For the following reasons, the motion is GRANTED except as to moving defendants Ratti and Schlacht who have not been served.

**Facts**

Plaintiffs Roberto Lathan, individually and as executor of the estate of Robert E. Lathan, Jr.; Rolisha Lathan; Rochelle Lathan; and Christopher Lathan filed this Amended Complaint against the City of Cleveland; City of Cleveland, Division of Police; Police Chief

1

Michael McGrath; Michael Ratti; Jarod Schlacht; City of Cleveland, Division of EMS; and City of Cleveland, Division of Fire. The Amended Complaint alleges the following.

In the early morning hours of January 8, 2010, Robert (sometimes referred to as the decedent) and Christopher Lathan were involved in a one-car accident on Martin Luther King Boulevard in Cleveland, Ohio. Cleveland Emergency Medical Services (EMS) was dispatched to the scene, and it is unclear whether a Cleveland Fire Department rescue squad was deployed as well. Cleveland police officers Ratti and Schlacht also arrived at the scene. Christopher was placed in an EMS unit. According to Christopher, he informed both EMS and the police officers that Robert was operating the vehicle at the time of the accident. Despite the fact that an even cursory examination of the vehicle would have demonstrated that there was more than one occupant, no search for Robert was conducted at the scene shortly after the collision. On January 8 or 9, the decedent's family made numerous attempts to file a missing person's report with the Cleveland Police Department (CPD) but was informed that the CPD would not accept a report unless the person had been missing for at least 24 hours. Such a report was then successfully filed on the evening of January 9. CPD claims to have canvassed the accident site on more than one occasion but did not locate Robert. The decedent's family contacted Texas Equusearch, a non-profit organization, to find Robert. Equusearch did conduct a search on January 14, 2010, and located Robert's body, within 15 minutes, submerged in Doan Creek, a short distance from the accident scene. A coroner's report indicated that Robert died of hypothermia. On January 19, 2010, Christopher was charged with driving under suspension and failure to control, but the charges were dismissed by *nolle prosequi* on May 5, 2010. On July 29, 2010, Christopher was arrested by

2

Cleveland police officers and charged with involuntary manslaughter and obstructing official business.  On August 12, 2010, he was released upon the state's motion to terminate charges.

The Amended Complaint sets forth six claims for relief.  Counts One through Four are brought pursuant to 42 U.S.C. § 1983 and allege "policies and procedures" (One), "code of silence" (Two), "training and supervision" (Three), and "acts of the individual defendants, the City of Cleveland, and the CPD regarding Christopher Lathan" (Four).  Counts Five and Six are state law claims alleging wrongful death (Five) and survivorship (Six).

This matter is now before the Court upon defendants' Motion to Dismiss First Amended Complaint.[1]

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be

---

[1] Plaintiffs opposed the motion, but defendants did not file a reply brief.

enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

### Discussion

Defendants move to dismiss on the following bases.

**(1)** *Sui juris* **status**

Defendants argue that named defendants City of Cleveland's Division of Police, Division of EMS, and Division of Fire are not *sui juris* and, therefore, are not proper parties. This Court agrees.  It is well-established that police departments "are not *sui juris* and, therefore, cannot sue or be sued. They are merely sub-units of the municipalities they serve." *Deir v. Lake County,* 2012 WL 1142467 (N.D.Ohio April 4, 2012) (citing *Jones v. Ptl. D. Marcum*, No. C–3–00–335, 2002 WL 786572 (S.D.Ohio Mar.11, 2002); *Williams v. Dayton Police Dept*., 680 F.Supp. 1075 (S.D.Ohio 1987); and *Messer v. Rohrer*, No. C–3–95–270, 1997 WL 1764771, n. 9 (S.D.Ohio Mar.31, 1997) ).  Likewise, municipal fire departments and divisions of EMS are not proper parties.  *See Hicks v. City of Barberton,* 2011 WL 3022089 (N.D.Ohio July 22, 2011) (citations omitted) (Finding that the Barberton Fire

Department Emergency Medical Service is not an entity capable of being sued. "Administrative units of a local government, such as a municipal police departments and fire departments, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority.")

On this basis, defendants Division of Police, Division of EMS, and Division of Fire are dismissed. [2]

**(2) Chief McGrath**

Defendants argue that the Amended Complaint must be dismissed against defendant Chief McGrath as no particular facts or claims are alleged against him.  Plaintiffs assert that they have merely alleged an official capacity claim against him.  The Court agrees that as McGrath is not named in his individual capacity, dismissal on that basis is not warranted.

"Suing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself, and thus a successful suit against a municipal officer in his official capacity must meet the requirements for municipal liability stated in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91 (1978)." *Kraemer v. Luttrell*, 189 Fed.Appx. 361 (6th Cir. 2006) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and "[b]ecause the real party in interest in an official-capacity suit [against a municipal officer] is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law.")

---

[2]  The Court additionally notes that the Division of Fire has not been served.

Nevertheless, as discussed below, the claims against the City of Cleveland are dismissed.  Consequently, no claims remain as to McGrath.

**(3) Section 1983 claims**

Defendants argue that the § 1983 claims fail to state a claim because they do not identify what constitutional rights were allegedly violated. Defendants assert that while the four § 1983 claims state that plaintiffs were deprived of their rights under the Fourteenth Amendment, plaintiffs fail to identify what constitutional violation was committed.

In response, plaintiffs argue that they have alleged claims under the substantive due process prong of the Fourteenth Amendment as well as the Fourth Amendment. Unfortunately, defendants failed to file a reply brief and, as a result, the Court did not have the benefit of any responsive arguments.  Regardless, for the following reasons, the Court finds that dismissal is proper.

Plaintiffs present four claims under § 1983. Count One is entitled "policies and procedures."  The claim alleges that "defendants were responsible for implementation and execution of written policies, and/or guidelines concerning the appropriate actions to be taken in the event of a missing person in need of assistance." Despite these policies, the City and the departments of fire, police, and EMS failed or refused to conduct searches despite actual reports of witnesses to car accidents and other incidents.   Plaintiffs offer three examples of such failures. It is further alleged that despite notice that the policies were being ignored, the City provided grossly inadequate training and supervision "to ensure compliance with such policies, guidelines and minimally accepted practices concerning such policies as the appropriate response to reports of a missing person, especially witness reports."  Additionally,

6

defendants "failed to adequately investigate, discipline, or otherwise "remediate" officers or personnel who failed to adequately investigate missing person or accident reports."  As a result, decedent was deprived of rights secured by the Fourteenth Amendment.

Count Two is entitled "code of silence."  The claim alleges that defendants maintain a code of silence which amounts to a custom or policy.  Defendants maintain an inadequate system of reviewing personnel who withhold knowledge or give false information regarding misconduct by City employees. Defendants have knowledge of the widespread and persistent practice of discouraging missing person reports, ignoring witnesses, and neglecting to conduct meaningful searches of accident and other scenes. This deprived decedent of his Fourteenth Amendment rights.

Count Three is entitled "training and supervision."  The claim presents no further allegations and claims a violation of plaintiffs' Fourth and Fourteenth Amendment rights.

Count Four is entitled "acts of the individual defendants, the City of Cleveland and the CPD regarding Christopher Lathan."  The claim alleges that the Cleveland Police Department and defendants Ratti and Schlacht acted without probable cause with respect to the criminal charges brought against Christopher Lathan in violation of the Fourteenth Amendment.

Plaintiffs do not address the individual counts, but argue that they have asserted Fourteenth and Fourth Amendment claims as discussed below.

### (a) Fourteenth Amendment

As to the Fourteenth Amendment, plaintiffs argue that they have alleged an official policy of the City of ignoring basic "investigational" techniques in accident cases and their factual allegations are sufficient to establish a substantive due process claim based on a

state-created danger when defendants failed to search for decedent although they had been informed by Christopher Lathan that decedent was operating the vehicle at the time of the accident. [3]

The Due Process Clause generally does not impose affirmative duties on the state to protect or aid individuals.  There are two recognized exceptions, one being the "state-created danger."  The Sixth Circuit has recognized that state officials may violate the Due Process Clause when their affirmative actions directly increase the vulnerability of citizens to private acts of violence.  *See Estate of Smithers ex rel. v. Flint,* 602 F.3d 758 (6th Cir. 2010) (citations omitted) and *Garrett v. Belmont County Sheriff's Dept.,* 374 Fed. Appx. 612 (6th Cir. 2010) (The less common exception to the rule that the state has no constitutional duty to protect its citizens from private violence occurs where the danger faced by a plaintiff is state-created, i.e., the state took actions, or failed to take actions, that created or increased the risk of exposure to private violence.)  "Under this exception, a state actor can be held responsible for an injury committed by a private person if: (1) the state actor affirmatively acted to create or increase the risk of injury; (2) the victim... was especially endangered; and (3) the state actor had the requisite degree of culpability."  *Willis v. Charter Township of Emmett,* 360 Fed.Appx. 596 (6th Cir. 2010) (citations omitted).

Plaintiffs fail to state a claim under this exception because there is no allegation that officers Ratti and Schlacht affirmatively acted to expose decedent to a private act of violence.

---

[3]  The Court notes that plaintiffs did not allege a substantive due process violation. The closest reference contained in the "code of silence" claim states, "As a result of conscious policy, the defendants have empowered a state created danger ..."  (¶ 39)

8

In *Willis, supra,* the plaintiffs contended that emergency responders failed to recognize at an accident scene that decedent, who was in the cab of his pickup, was still alive and provide him with the medical care he needed. The court concluded that the state-created danger exception was inapplicable because the responders did not affirmatively act to expose the victim to private acts of violence given that they did not act affirmatively to deny the medical care, and their actions did not expose the victim to private acts of violence. The court stated, "This Court repeatedly has held that a failure to act cannot be considered an affirmative act under the state-created danger theory." *Willis,* 360 Fed.Appx. at 601.

Although the court "noted the difficulty of distinguishing between an affirmative act and a failure to act," it found the responders' action fell "neatly into the 'failure to act' category-they failed to discover that [the victim] was still alive and thus did not provide him with the medical care he needed." *Id.* The court nonetheless determined that "even assuming that their conduct blurred the line between affirmative acts and the failure to act," plaintiffs could not satisfy the first prong of the test because the responders did not make the victim less safe by increasing the risk that he would be exposed to private acts of violence. ("Rather than focusing on... whether officer behavior amounts to affirmative conduct or not, we have focused on whether the victim was safer before the state action than he was after it.")

In finding no private action, the court rejected plaintiffs' assertions that the extended period of time the victim was left untreated and the jostling of the cab of his vehicle by the tow operator amounted to private acts of violence. Moreover, the court concluded that the responders did not expose the victim to private acts of violence "by making it less likely that he would receive treatment or delaying the treatment he eventually received. [The victim's]

9

injuries were caused by the car accident that occurred prior to their arrival. Although it seems certain that his condition deteriorated during the two hours he was left untreated, [the responders] did not carry out any affirmative acts that increased the risk that [the victim] would be exposed to private acts of violence." *Id.* at 602.

*Willis* was decided on summary judgment. Nonetheless, accepting plaintiffs' allegations as true, plaintiffs have alleged a failure to act on defendants' part. Plaintiffs do not allege that defendants acted affirmatively. Moreover, there is no allegation that the officers' failure to search exposed decedent to private acts of violence. Rather, the Amended Complaint alleges that the coroner's report indicated that the decedent died of hypothermia. Like *Willis,* decedent's injuries were caused by the car accident prior to the officers' arrival. Although his condition deteriorated upon wandering away and entering into the creek, the officers did not carry out an affirmative act that exposed him to a private act of violence. Under Sixth Circuit precedent, plaintiffs have failed to state a claim under the Fourteenth Amendment.

**(b) Fourth Amendment**

Plaintiffs argue that they have sufficiently alleged the elements of a Fourth Amendment malicious prosecution claim on Christopher Lathan's behalf. Although not clearly alleged, this claim would only be against individual defendants Ratti and Schlacht as it does not involve a policy by the City of Cleveland.

The docket reflects that Ratti and Schlacht have not been served. The Complaint was filed on January 6, 2012 and an Amended Complaint was filed January 8, 2012. Attempts to serve Ratti and Schlacht were returned unexecuted. Fed.R.Civ.P. 4(m) provides that if a

10

defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant after notice to the plaintiff. Plaintiffs herein recognize in their brief that Ratti and Schlacht have not been served and state that they "will continue to attempt service." (Doc. 17 at 7)  More than 120 days have elapsed since the filing of the Amended Complaint.  Plaintiffs have not requested additional time to serve these defendants.  Notice is hereby given to plaintiffs that if service is not perfected on these defendants within 30 days, they will be dismissed without prejudice.

### (4) State law claims

Counts Five and Six alleged state law claims of wrongful death and survivorship. Defendants argue that the City of Cleveland is immune from liability under Ohio Revised Code § 2744.  Plaintiffs agree that the City is immune, but argue that the claims should proceed against Ratti and Schlacht.  However, as discussed above, these defendants have not been served.

### Conclusion

For the foregoing reasons, defendants' Motion to Dismiss First Amended Complaint is granted except as to moving defendants Ratti and Schlacht who have not been served. Plaintiffs must serve these defendants within 30 days or this matter will be dismissed against them without prejudice.

IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
Dated: 5/15/12                United States District Judge